UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTALVO ASSOCIATES, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMTAX HOLDINGS 279, LLC, et al.,<br><br>　　　　　Defendants. | Case No.　5:21-cv-00797-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS FOR *FORUM NON CONVENIENS***<br><br>Re: Dkt. No. 14 |

Plaintiff Montalvo Associates, LLC ("Montalvo") brings this suit against Defendants AMTAX Holdings 279, LLC ("AMTAX") and TCH II Pledge Pool, LLC ("TCH") (collectively "Defendants") seeking declaratory relief and a judicial determination regarding the rights and obligations of the parties under their shared partnership agreement ("Partnership Agreement"). Presently before the Court is Defendants' Motion to Dismiss for *Forum Non Conveniens* or, in the Alternative, to Transfer. ("Mot."), Dkt. No. 14. Having considered the parties' briefing, the relevant law, and the record in this case, the Court **GRANTS** Defendants' motion on the basis of *forum non conveniens*.[1]

**I.　　BACKGROUND**

Montalvo, AMTAX, and TCH are partners in a low-income housing tax credit partnership, Lucretia Avenue Apartments, which owns a 100-unit affordable housing development known as "Villa Solera" located in Santa Clara County. Complaint for Declaratory Relief ("Compl."), Dkt. No. 1-2 ¶ 7. The parties' low-income housing tax credit partnership is governed by the

---

[1] The Court took this motion under submission without oral argument pursuant to Civil Local Rule 7-1(b).

Case No.: 5:21-cv-00797-EJD
ORDER GRANTING MOTION TO DISMISS FOR FORUM NON CONVENIENS
1

Partnership Agreement wherein Montalvo and AMTAX have various disposition rights. *Id*. ¶ 23. The Partnership Agreement also contains a forum selection clause which states:

> D. Each Partner irrevocably:
> (i) Agrees that any suit, action or other legal proceeding arising out of this Agreement, any of the Related Agreements or any of the transactions contemplated hereby or thereby shall be brought in the courts of record of Los Angeles County of the State of California of the courts of the United States located in the Southern District of California;
> (ii) Consents to the jurisdiction of each such court in any such suit, action or proceeding; and
> (iii) Waives any objection, which he or it may have to the laying of venue of any such suit, action or proceeding in any of such courts.

Compl., Ex. 1 ("Partnership Agreement") at 69.

The parties' dispute arose in January 2020 after AMTAX notified Montalvo that it wanted the project sold under Section 7.4K of the Partnership Agreement. *Id*. ¶ 13. Later in July 2020, Montalvo informed AMTAX that it would be exercising its option to purchase AMTAX's interest in the partnership pursuant to Section 7.4J of the Partnership Agreement. *Id*. ¶ 23. In November 2020, AMTAX also notified Montalvo of its intent to exercise its rights under Section 7.4I of the Partnership Agreement to force a sale of Villa Solera. *Id*. ¶ 27. Rather than acknowledge AMTAX's exercise of its rights under Section 7.4I, however, Montalvo sent a notice to AMTAX reiterating its desire to purchase AMTAX's partnership interest. *Id*. ¶ 29. AMTAX then sent a final letter to Montalvo on December 10, 2020, wherein AMTAX restated its position that it had exercised its force sale right under Section 7.4I and requested that Montalvo confirm whether it would comply with its obligations under Section 7.4I. *See* Compl., ¶ 30, Ex. 10. AMTAX concluded its letter by advising Montalvo that if it continued to not abide by the terms of Partnership Agreement, AMTAX would "bring an action against [Montalvo] and pursue all available remedies based on [Montalvo's] improper conduct." *Id*.

On December 16, 2020, Montalvo filed this action in Santa Clara County Superior Court. *See generally* Compl. In response to learning of Montalvo's action, AMTAX filed a federal complaint in the Southern District of California on December 21, 2020 based on diversity

Case No.: 5:21-cv-00797-EJD
ORDER GRANTING MOTION TO DISMISS FOR FORUM NON CONVENIENS
2

jurisdiction and its interpretation of the forum selection clause in the Partnership Agreement. *See* Decl. of Eric S. Pettit ("Pettit Decl."), Dkt. No. 14-1 ¶ 4; *see also AMTAX Holdings 279, LLC v. Montalvo Associates, LLC*, Case No. 3:20-cv-02478-BEN-AGS (S.D. Cal.).

On February 1, 2021, AMTAX removed this action from Santa Clara County Superior Court based on diversity jurisdiction. *See* Notice of Removal, Dkt. No. 1. AMTAX then filed its Motion to Dismiss for *Forum Non Conveniens* or, in the Alternative, to Transfer. Montalvo filed an Opposition ("Opp'n") to which Defendants filed a Reply ("Reply iso Mot."). *See* Dkt. Nos. 17, 22.

## II. LEGAL STANDARD

A federal court sitting in diversity applies federal law to determine the enforceability of a forum selection clause. *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Generally, a forum selection clause is "prima facie valid" and thus enforceable, absent a strong showing "that enforcement would be unreasonable and unjust." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). The Supreme Court and Ninth Circuit have held that a forum-selection clause is controlling unless the plaintiff makes a strong showing that: (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court." *Yei A. Sun v. Advanced China Healthcare, Inc.,* 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *M/S Bremen*, 407 U.S. at 15, 18, 92).

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). When a motion to dismiss is based on a forum selection clause, rather than solely on the doctrine of *forum non conveniens*, the Supreme Court has held that a district court cannot consider "private interest" factors, such as the plaintiff's choice of forum and the convenience of parties and witnesses. *See id.* at 62–64. Instead, the court

Case No.: 5:21-cv-00797-EJD
ORDER GRANTING MOTION TO DISMISS FOR FORUM NON CONVENIENS
3

may only weigh the "public interest" factors, which "may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C § 1404(a). When a case concerns an enforcement of a forum selection clause, § 1404(a) provides a mechanism for its enforcement and "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co.*, 571 U.S. at 59–60 (internal quotation omitted). Plaintiff bears the burden of showing these exceptional circumstances that make transfer inappropriate. *Id*. at 64. Plaintiff must show either that the forum selection clause is not valid or that the public interest factors recognized under § 1404(a) make transfer inappropriate. *Id.*; *see also Bayol v. Zipcar, Inc.*, No. 14–CV–02483–TEH, 2014 WL 4793935, at *1 (N.D. Cal. Sept. 25, 2014). Further, a forum selection clause remains enforceable even when the contractually selected forum may afford the plaintiffs fewer effective remedies than they could receive in the forum where they filed suit. *See Yei A. Sun*, 901 F.3d at 1092.

### III. DISCUSSION

#### A. The Partnership Agreement's Forum Selection Clause is Valid and Enforceable

As a preliminary matter, the Court finds that Section 13.7D in the Partnership Agreement is a forum selection clause because it specifies the place of jurisdiction and type of court in which legal disputes must be resolved, and not merely "venue." *See Safe2Core, Inc. v. HCMM, Inc.*, No. 17-CV-02945 NC, 2017 WL 4176475, at * 2 (N.D. Cal. Sept. 20, 2017) ("[a] contractual provision in which the parties establish the place (such as the country, state, or type of court) for

Case No.: 5:21-cv-00797-EJD
ORDER GRANTING MOTION TO DISMISS FOR FORUM NON CONVENIENS
4

specified litigation between them") (citation omitted).² A forum selection clause is "prima facie valid" and thus enforceable, absent a showing "that enforcement would be unreasonable and unjust." *M/S Bremen*, 407 U.S. at 15. Here, Montalvo argues that the forum selection clause is unenforceable because it contravenes California law as contrary to public policy. According to Montalvo, the action should be adjudicated in this Court because the Villa Solera housing development is also located in Santa Clara County. In making this argument, Montalvo relies on its claims that, "California has a strong public policy [interest], as demonstrated by California Code of Civil Procedure § 392, [in] fixing the place for trial in an action that involves real property rights and interests in a court where the property is located." Opp'n. at 13. However, Montalvo's argument fails to account for the fact that "[i]n cases based on diversity jurisdiction, federal law governs the interpretation and enforceability of forum selection clauses." *Bastami v. Semiconductor Components Indus., LLC*, No. 17-CV-00407-LHK, 2017 WL 1354148, at *2 (N.D. Cal. Apr. 13, 2017).

Moreover, the forum selection clause here provides that cases may be filed in federal district court for the Southern District of California, which moots an objection based on California state venue provisions as Montalvo has not presented any argument suggesting this portion of the forum selection clause is unenforceable. *See Dawson v. Cagle Cartoons, Inc.*, 2:13-CV-0610 KJM KJN, 2013 WL 4829317, at * 7 (E.D. Cal. Sept. 9, 2013) ("The wrinkle in this case . . . is that the [forum selection clause] does not set venue exclusively in Los Angeles County Superior Court, but also designates federal court in Los Angeles as an appropriate place for suit. Bringing the case in federal court would not disrupt any state venue provisions. . . . [P]laintiff has presented nothing suggesting that California courts would find that portion of the clause setting venue in federal court to be void as a matter of law."). Therefore, bringing the case in federal district court for the Southern District of California would not disrupt such state venue provisions as California

---

² Montalvo improperly characterized the parties' forum selection clause as a "venue selection clause" when asserting its claim that the clause was unenforceable under California law as against public policy. *See* Opp'n at 12.

Case No.: 5:21-cv-00797-EJD
ORDER GRANTING MOTION TO DISMISS FOR FORUM NON CONVENIENS
5

United States District Court
Northern District of California

1  Civil Procedure Code § 392.

2  Montalvo also has not established the additional factors necessary to suggest the parties'
forum selection clause is unreasonable and unjust. There is no evidence of fraud or overreach by
Montalvo or AMTAX in reaching the Partnership Agreement. Because of this and because both
parties are sophisticated entities with sufficient resources to negotiate an equitable agreement, the
first factor is not relevant in this case. Additionally, Montalvo has not established why it would be
gravely difficult or burdensome for it to litigate this dispute in Southern California. Since an
identical action is currently pending in the Southern District of California, Montalvo will not be
deprived of their day in court by enforcing the forum selection clause.[3]

For these reasons, Montalvo has failed to show that enforcement of the forum selection
clause would be unreasonable and unjust; the forum selection clause is valid and enforceable.

### B. No Public Interest Factors Weigh Against Dismissal or Transfer

Because the forum selection clause in Section 13.7D of the Partnership Agreement is valid,
Montalvo may prevail only if the public interest factors recognized under § 1404(a) make transfer
or dismissal inappropriate. *Atl. Marine Const. Co.*, 571 U.S. at 64. These factors include: "the
administrative difficulties flowing from court congestion; the local interest in having localized
controversies decided at home; [and] the interest in having the trial of a diversity case in a forum
that is at home with the law." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981).

Here, Montalvo has not established that any public interest factor warrants denial of
Defendants' motion. First, as of December 31, 2020, the Northern District of California has over
8,000 more pending civil actions than the Southern District. *See* Table C-1 U.S. District Courts –
Civil Statistical Tables for the Federal Judiciary, *available at*
https://www.uscourts.gov/statistics/table/c-1/statistical-tables-federal-judiciary/2020/12/31. Thus,
enforcing the forum selection clause and adjudicating this dispute in the Southern District

---

[3] Montalvo filed a motion to dismiss pursuant to the *Brillhart* Abstention Doctrine in the action before the Southern District of California. On March 1, 2021, the Southern District of California denied Montalvo's motion to dismiss. *See* Defendants' Statement of Recent Decision, Dkt. No. 23-1.

Case No.: 5:21-cv-00797-EJD
ORDER GRANTING MOTION TO DISMISS FOR FORUM NON CONVENIENS
6

alleviates any administrative difficulties flowing from court congestion, rather than exacerbating it.

Second, Montalvo argues that Santa Clara County has a greater interest in the Villa Solera housing development because it directly impacts the availability of affordable housing in Santa Clara County. Opp'n at 13. Although this may be true, it is not enough to deny Defendants' motion for two reasons. First, even if Santa Clara County is a more favorable forum for Montalvo, a forum selection clause remains enforceable even if the contractually selected forum may afford the plaintiffs fewer effective remedies than they could receive in the forum where they filed suit. *Yei A. Sun*, 901 F.3d at 1092. Additionally, adjudicating the case in Southern California in compliance with the forum selection clause does not change the law that governs the dispute. *See* Partnership Agreement at 69. The legal issues in this action will be resolved under California law, and accordingly, the courts named in the forum selection clause have a similar level of interest in fairly adjudicating the action. Lastly, because enforcing the forum selection clause does not move the case out of California, this dispute will still be litigated in a "forum that is at home with the law." *Piper Aircraft Co.*, 454 U.S. at 241 n.6. Thus, the third public interest factor is not relevant to this matter, and there is no undue burden placed on Montalvo by having to litigate the case in either court listed in parties' forum selection clause.

Accordingly, Montalvo has not demonstrated any exceptional or unusual circumstance in which public interest factors defeat Defendants' motion. *See Atl. Marine Const. Co.*, 571 U.S. at 64 ("Because [public interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases").

### C. Dismissal Under *Forum Non Conveniens* Properly Enforces the Forum Selection Clause

Finally, the Court considers whether transfer of venue or dismissal under *forum non-conveniens* is the proper mechanism for enforcement of the parties' forum selection clause. Montalvo asserts that the doctrine of *forum non conveniens* is only applicable to cases in which a court abroad is the more appropriate forum for adjudicating the controversy. Opp'n. at 5.

Case No.: 5:21-cv-00797-EJD
ORDER GRANTING MOTION TO DISMISS FOR FORUM NON CONVENIENS
7

Although *forum non conveniens* may be an appropriate mechanism for granting a motion to dismiss in such cases, the doctrine is not limited to applications where the transferee forum is located abroad. The Supreme Court has held that if a forum selection clause "point[s] to a state or foreign forum…the appropriate way to enforce [it] . . . is through the doctrine of *forum non conveniens*" in a motion to dismiss. *Atl. Marine Const. Co.* 571 U.S. at 60.

Thus, the Court finds that dismissal under *forum non conveniens* is the most appropriate mechanism for enforcement of the forum selection clause because of the separate, identical case pending in the Southern District of California. In this instance, transferring this action would be redundant. Dismissal for *forum non conveniens* may certainly "[inconvenience] plaintiffs in several aspects." *Id*. at 68, n.8. Still, "dismissal would work no injustice on [Montalvo]" because Montalvo "violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause." *Id*. Accordingly, dismissal is the most appropriate remedy in this case.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss for *Forum Non Conveniens*, or in the Alternative, to Transfer. The case is **DISMISSED** on the ground of *forum non conveniens*. The Clerk of the Court shall close the case file.

**IT IS SO ORDERED.**

Dated: July 27, 2021

EDWARD J. DAVILA
United States District Judge